IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUINTON BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:11-cv-00459-JPG-PMF** |
| | ) |
| GLADYSE TAYLOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Ms. Haskinson's[1] (Doc. 40) motion for summary judgment. Plaintiff Quinton Beasley has not responded to the motion. For the following reasons, it is recommended that the Defendant Ms. Haskinson's (Doc. 40) motion for summary judgment be granted.

### I.   FACTS

Plaintiff Quinton Beasley was incarcerated at Lawrence Correctional Center ("Lawrence") at the time allegations in the complaint arose. Lawrence is a correctional facility under the control of the Illinois Department of Corrections ("IDOC"). Beasley has since been released from prison and resides in Chicago, Illinois. *See* Docs. 16-17. On May 23, 2012, the Court summarized the relevant allegations of the (Doc. 1) complaint as follows:

> Prior to filing the instant action, Plaintiff brought another civil rights case in this Court, *Beasley v. Stephens, et. al*, No. 10-cv-895-GPM (S.D. Ill., filed Nov. 9, 2010). In that case, he sued Lawrence Warden Lee Ryker, Randy Stephens, the Prisoner Review Board, Administrative Review Board, and the Illinois Department of Corrections, claiming that he was improperly charged with a

---

[1] In other documents on the record, this Defendant is referred to as "Ms. Hoskinson." Because this Defendant is officially identified on the docket sheet as "Ms. Haskinson," the undersigned will refer to her in that manner in this Report and Recommendation.

1

>     parole violation, and as a result was put into a higher risk security level during his incarceration at Lawrence. That case was dismissed on July 7, 2011, for failure to state a claim upon which relief may be granted. In the instant case, Plaintiff alleges that various actions were taken against him by the named Defendants, all in retaliation for his filing of the prior lawsuit described above, and for pursuing other grievances over prison conditions.
>
>     In his complaint, Plaintiff references several instances that are described with particularity only in his attached grievances and other documents. On January 10, 2011, he was placed in segregation on investigative status (he does not explain why) (Doc. 1-1, pp. 4-5; 17). He claims that during the initial 30 days of his segregation, in violation of the Illinois Administrative Code, he was never interviewed by the reviewing officer, nor was any investigation conducted regarding the reasons for his placement in that status. Defendant Warden Ryker and Defendant Stafford then extended Plaintiff's stay in segregation for a total of 90 days (Doc. 1-1, pp. 5, 18; Doc. 1, p. 8). The response to Plaintiff's grievance of April 10, 2011, states that after his initial placement on investigative status, Plaintiff's status was changed to administrative detention as of February 10, 2011. Plaintiff apparently remained in administrative detention for the final 60 days of his confinement in segregation (Doc. 1-1, p. 17).
>
>     Plaintiff further complains that Defendant Moran (the grievance officer) failed to investigate or address Plaintiff's claims of staff misconduct after he filed a grievance over his placement in investigative segregation (Doc. 1., p. 8; Doc. 1-1, pp. 13-24). Defendants Benton and Risse allegedly failed to address his grievances or improperly reviewed them (Doc. 1, p. 8). He claims Defendant Risse informed him that superiors had instructed him not to do anything about Plaintiff's grievances (Doc. 1, p. 8: Doc. 1-1, p. 8).
>
>     Plaintiff also alleges that the conditions of his segregation cell were inhumane. He was allowed to shower only once a week, he was denied any yard recreation time, he developed excruciating back pains due to the lack of activity, the water in his cell had a bad taste and turned his clothing brown, and his phone calls to his public defender were restricted (Doc. 1, pp. 7-8; Doc. 1-1, pp. 18-19).
>
>     In addition, his outgoing mail to the Administrative Review Board was destroyed by Defendant Hoskinson and his incoming mail was delayed. He claims his continued confinement under these conditions was in retaliation for complaints and grievances he had filed.

Doc. 18 at 2-4.


## II.   PROCEDURAL HISTORY

On May 31, 2011, Beasley filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against seven Defendants, including Ms. Haskinson. On May 23, 2012, the Court conducted preliminary review of the complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 18.

2

In that order, the Court dismissed one Defendant (Gladyse Taylor) and one Count (Count 4) of the complaint. *See id*. The Court also ruled that several claims warranted further consideration. *See id*. Specifically as to Ms. Haskinson, the Court found that Beasley stated a First Amendment retaliation claim in Count 3 of the complaint with regard to allegations that Ms. Haskinson interfered with Beasley's mail. *See id*. at 9-10.

On October 26, 2012, Ms. Haskinson filed the instant motion for summary judgment claiming that Beasley failed to exhaust his administrative remedies with regard to the claims against her. *See* Doc. 40. A notice warning the *pro se* Plaintiff of the consequences of failing to respond to motion for summary judgment (Doc. 42) was also filed in compliance with the law of this Circuit. *See Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996); *see also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Beasley did not file anything within the allowable window for a response to the motion. The Court then issued an order directing Beasley to show cause why judgment should not be entered for Ms. Haskinson. *See* Doc. 43. Beasley did not respond to the order to show cause.

### III. DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...". FED. R. CIV. P. 56(c)(1)(A). The reviewing court

must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The IDOC has a three-step process that prisoners under their jurisdiction are required to follow in order to exhaust administrative remedies. *See* 20 Ill.Admin.Code § 504.800 *et seq*.

Ms. Haskinson has submitted evidence with her (Doc. 40) motion for summary judgment indicating that Beasley failed to properly exhaust his administrative remedies with regard to his remaining claim against her (Count 3). *See* Doc. 41-1. Ms. Haskinson has submitted the affidavit of Sherry Benton, custodian of records for the Administrative Review Board ("ARB"). *See id*. The ARB is the final step of the exhaustion process for prisoners confined in IDOC institutions. *See* 20 Ill.Admin.Code § 504.850. It necessarily follows then that an implication is created that a prisoner did not exhaust his available administrative remedies when the ARB cannot find records of such a grievance. Ms. Benton attests to searching the ARB records for grievances concerning Ms. Haskinson or any grievances related to allegations in the complaint related to interference with Beasley's mail. *See* Doc. 41-1 at 3 ¶ 7. Ms. Benton did locate a grievance that contained a complaint about Officer Eubanks delivering mail that had been

4

opened and damaged, but it was not a complaint concerning Ms. Haskinson. *See id*. ¶ 8-9.  In any case, it appears this grievance was not properly exhausted. *See id*. ¶ 8.

Beasley has failed to file a response to the instant motion despite being repeatedly warned of the consequences for such a failure.  In this situation, summary judgment is appropriate for the moving party. *See, e.g.,* FED. R. CIV. P. 56(e) (the failure to support or properly address a fact may be grounds to consider a fact undisputed or summary judgment may be granted if the facts show that the movant is so entitled); *see also* SDIL-LR 7.1(c) (The lack of response to a motion for summary judgment may be construed as admission on the merits of the motion).  The undisputed facts, here, show that Beasley failed to properly exhaust his administrative remedies with regard to Ms. Haskinson.

### IV.  RECOMMENDATION

For the forgoing reasons, it is recommended that Defendant Ms. Haskinson's (Doc. 40) motion for summary judgment be granted as follows:

It is recommended that Defendant Ms. Haskinson be dismissed from this case.

Because Ms. Haskinson is the only Defendant named in Count 3, it is further recommended that Count 3 be dismissed.

If this Report and Recommendation is adopted in its entirety, Counts 1, 2, and 5 will continue against Defendants Ryker, Stafford, Benton, Moran, and Risse.

SO RECOMMENDED.

DATED: December 20, 2012.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE